1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10

11   JOSE DE JESUS CARDENAS,        Case No. CV 20-2798-DOC (PD)

12              Petitioner,

13        v.                        **ORDER ACCEPTING
                                    FINDINGS, CONCLUSIONS,**
14   GEORGE JAIME,                  **AND RECOMMENDATION OF
                                    UNITED STATES**
15              Respondent.         **MAGISTRATE JUDGE**

16
17

18        On April 15, 2021, the United States Magistrate Judge issued a Report
19   and Recommendation ("Report"), recommending that Petitioner's Petition for
20   Writ of Habeas Corpus be denied and that this action be dismissed with
21   prejudice.  [Dkt. No. 16.]  On May 17, 2021, Petitioner filed his Objections.
22   [Dkt. No. 17.]
23        In his Objections, Petitioner asserts one argument for the first time.[1]
24   Petitioner contends that the Magistrate Judge erred in relying on Petitioner's
25   trial testimony to conclude that the alleged error in allowing the prosecution
26

27   [1] The Court exercises its discretion to consider the argument. *See Brown v. Roe*, 279
     F.3d 742, 744-45 (9th Cir. 2002) (district court has discretion, but is not required, to
28   consider claims presented in party's objections to magistrate judge's report and
     recommendation).  Petitioner's other objections are addressed in the Report.

to amend the information during trial to add an assault with a deadly weapon count was harmless.  According to Petitioner, had he known from the outset of trial that the prosecutor was going to pursue an assault charge, he would not have testified but, instead, investigated the victim's character for violence to show that he – not Petitioner – started the altercation underlying Petitioner's conviction.   Petitioner further maintains that opting against testifying and relying on evidence of the victim's character for violence would have avoided "the proverbial 'swearing contest'" between the victim, who was a "family man" and a "former police officer candidate," and Petitioner, who was "an ex-convict charged with violent crimes."  [Dkt. No. 17 at 8-9.]

This objection is not well-taken because it is based on speculation regarding the existence of evidence of the victim's purported character for violence.  Indeed, Petitioner points to no evidence suggesting that there was any reason to believe that the victim was known to be a violent person, let alone any evidence that would have been admissible at trial.  *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995) (habeas relief not warranted where claims for relief are unsupported by facts).

Moreover, even if such evidence had existed, there is no reason to believe that the jury would have concluded that the victim initiated the altercation.  On the contrary, the uncontested testimony at trial showed that the victim was alone, whereas Petitioner was accompanied by three other people.  The victim also testified that Petitioner was armed and threatened to "blast" the victim, testimony that was largely corroborated by the discovery of a revolver and ammunition in Petitioner's car after he was arrested.[2]

---

[2] The victim testified that he was set upon by Petitioner and one of his three companions and that both Petitioner and his companion were armed.  If Petitioner had not testified, there would have been no testimony to rebut the victim's account.

Finally, the uncontested testimony concerning Petitioner's actions after the altercation undercuts the idea that the victim was the aggressor.  Indeed, when the victim fled the scene of the altercation, Petitioner and his three companions chased after him.  Although that act was not incompatible with the victim being the aggressor, it does not support that conclusion.  When considered with the evidence that Petitioner was armed and that the victim was outnumbered, it strongly suggests that Petitioner was the aggressor, as the victim testified – testimony that would have been unrebutted had Petitioner not testified in his defense.[3]

ACCORDINGLY, IT IS ORDERED:

1.      The Report and Recommendation is accepted.

2.      Judgment shall be entered consistent with this Order.

3.      The clerk shall serve this Order and the Judgment on counsel or parties of record.


DATED:  June 9, 2021

_David O. Carter_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

---

[3] Prior to filing his Objections, Petitioner argued that the unspecified evidence of the victim's character for violence and for "picking fights" would have lent credibility to Petitioner's account that the victim "park[ed] his car  . . . and yell[ed] out his window."  [Dkt. No. 1-1 at 11.]  But if Petitioner had not testified, the jury would not have heard Petitioner's account of the altercation.

3